IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUSTIN L.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 3:19-cv-00163-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff Justin L. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act. Plaintiff argues that the Administrative Law Judge ("ALJ") erred by rejecting his subjective symptom testimony, improperly discounting portions of an examining doctor's testimony, and disregarding lay witness testimony. But because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

    A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## **DISCUSSION**

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had the following severe impairments: migraine headaches, an anxiety disorder, and a depressive disorder. Tr. 17.[2] The ALJ found that Plaintiff had the following RFC:

> The claimant has the [RFC] to lift and/or carry 50 pounds occasionally and 25 pounds frequently. He can sit up to six hours in an eight-hour workday. He can stand and/or walk up to six hours total in an eight-hour workday. He can push and pull as much as lifting and carrying. He can occasionally climb ladders and scaffolds. He is precluded from working around hazards, such as unprotected

---

[2] "Tr" refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

heights, working with heavy machinery, or operating a motor vehicle as part of the job requirements. He is limited to superficial contact with coworkers. However, tasks should be completed independently without the need for coordinated efforts with coworkers. He is limited to no interaction with the public as part of the job requirements. He is limited to low-stress work, *i.e.*, no work at a production-rate pace and having the same tasks day to day in the same work environment (no working at different job sites from one day to the next).

Tr. 19. Based on the vocational expert's testimony, the ALJ concluded Plaintiff could perform jobs that exist in significant numbers in the national economy and was not disabled. Tr. 25.

Plaintiff argues that the ALJ committed legal error by rejecting Plaintiff's symptom testimony, incorrectly discounting Dr. Seth Williams' testimony, and improperly disregarding lay witness testimony.

**I. Plaintiff's Symptom Testimony**

Plaintiff asserts that the ALJ erred by rejecting his subjective symptom testimony. Pl.'s Op. Br. 5, ECF No. 13. An ALJ can only reject testimony about the severity of a claimant's symptoms by offering "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). But the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). The ALJ may "consider a range of factors," to include:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The Court will uphold an ALJ's credibility finding even if all the ALJ's rationales for rejecting clamant testimony are not upheld. *Batson*, 359 F.3d at 1197.

3 – OPINION AND ORDER

Plaintiff argues that the ALJ erred by "find[ing] generally that the claimant's testimony was not credible, but failed to identify which testimony [the ALJ] found not credible and why." Pl.'s Op. Br. 8 (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015)). But the Court disagrees for three reasons.

First, the ALJ discounted Plaintiff's testimony by citing to evidence of improvement. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("Such evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." (citing 20 C.F.R. §§ 404.4520a(c)(1), 416.920a(c)(1))). Plaintiff testified that his symptoms of depression, which he consistently rated low, improved with counseling and medication. Tr. 21 (citing tr. 243, 247, 282); tr. 24–46. Plaintiff also testified that his headaches improved significantly with chiropractic care. Tr. 21 (citing tr. 244, 429, 458). The ALJ could rely on this evidence because not only does it reflect improvement, it suggests that treatment could alleviate Plaintiff's impairments. *See Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (finding that impairments controlled by treatment are not disabling).

Second, the ALJ determined that Plaintiff's level of activity was inconsistent with his allegations of disabling impairment. An ALJ may use inconsistent activities to discount a claimant's subjective testimony. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ focused on Plaintiff's ability to play video games for hours at a time, do dishes, mow the lawn, shop in stores, and design computer graphics. Tr. 21 (citing tr. 177–82). While Plaintiff asks the Court to find that the ALJ erred in weighing his daily activities, the mere "possibility of drawing . . . inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'r*, 383 U.S. 607,

620 (1966). As a result, the ALJ reasonably concluded that Plaintiff's daily activities were inconsistent with his alleged symptoms. *Lingenfelter,* 504 F.3d at 1040.

Third, the ALJ found that the treatment records did not fully support Plaintiff's testimony. Tr. 20–21. An ALJ may consider whether the alleged symptoms accord with the medical evidence in the record. *Lingenfelter*, 504 F.3d at 1040. Further, discrepancies between a claimant's testimony and the medical record is a valid reason for an ALJ to discount symptom testimony. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (relying on discrepancies between claimant's testimony about weight fluctuation and the medical record). Here, the ALJ noted many times when the medical record contradicted Plaintiff's testimony. *See* tr. 20–21. For example, mental status examinations of Plaintiff were generally unremarkable, with evidence that Plaintiff was alert and oriented, displayed normal mood and effect, completed three-step tasks with perfect accuracy, had intact memory, and a "rich fund of knowledge." Tr. 21 (citing tr. 285–86, 429–30). Plaintiff also had neurology examinations and magnetic resonance imaging scans which revealed some irregularities, but nothing that required additional medical attention. Tr. 20 (citing 390, 392, 402–12, 415–16). Based on Plaintiff's medical record, the ALJ did not err in determining that objective findings did not fully support Plaintiff's subjective symptom testimony.

In sum, the ALJ provided clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## II. Examining Physician Testimony

Plaintiff next argues that the ALJ erred by discounting examining physician Dr. Seth Williams' testimony. Pl.'s Op. Br. 10. The Commissioner counters that the ALJ's decision to only partially credit Dr. Williams' opinion was a proper determination of conflicting evidence in the record. Def.'s Br. 11, ECF No. 14.

"To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by *providing specific and legitimate reasons that are supported by substantial evidence*." *Id.* (emphasis added). When evaluating conflicting medical opinions, an ALJ need not accept a brief, conclusory, or inadequately supported opinion. *Id.*

Dr. Williams examined Plaintiff on December 19, 2015. Tr. 281–90. Dr. Williams opined that while Plaintiff possessed the mental capacity to work, he would struggle socially with coworkers and the public. Tr. 288. Dr. Williams also opined that Plaintiff would struggle with typical workplace stress and that he should be considered disabled for 12 to 18 months to separate from his parents. Tr. 288. But Dr. Williams also noted that Plaintiff could perform detailed and complex tasks and could also accept instruction from supervisors. Tr. 289. Ultimately, Dr. Williams attributed Plaintiff's inability to work because of his own "pre-emptive judgments of failure from which he cannot see the exit." Tr. 290. While the ALJ did not reject Dr. Williams' opinion outright, the ALJ gave "little" weight to Dr. Williams' opinion that Plaintiff's deficits in social functioning made him disabled for 12 to 18 months. Tr. 22 (citing tr. 288). The ALJ noted that Dr. Williams' medical opinion was contradicted by opinions from Dr. Winifred Ju and Dr. Joshua Boyd, non-examining sources. Tr. 23. Dr. Ju and Dr. Boyd both opined that while Plaintiff would struggle to collaborate with others, he could have brief superficial contact with coworkers. *See* tr. 23 (citing tr. 66–68, 83–85).

Because Dr. Williams' opinion was contradicted, the ALJ needed to provide specific and legitimate reasons supported by substantial evidence. *Bayliss*, 427 F.3d at 1216. The ALJ did so

here. The ALJ noted that Plaintiff could function in social settings, such as electronics and office supply stores, bookstores, and therapy sessions. Tr. 21–22 (citing tr. 177–82, 281). Because an ALJ may discount a claimant's testimony based on inconsistencies with their level of activity, the ALJ did not commit legal error. *See Rollins*, 261 F.3d at 856 (discounting claimant's testimony based on inconsistencies with claimant's ability to maintain a household and raise two children).

### III. Lay Witness Testimony

Plaintiff next argues that the ALJ erred by rejecting lay witness testimony from his mother. Pl.'s Op. Br. 11–12. Generally, an ALJ must provide "germane reasons" for rejecting lay testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The Commissioner contends that the ALJ met this requirement by noting that the mother's testimony was inconsistent with Plaintiff's daily activities. Def.'s Br. 11.

The Court agrees with the Commissioner. Inconsistency between lay witness testimony and a claimant's daily activity is a germane reason to discount such statements. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). As the ALJ noted, Plaintiff can complete household chores, use a computer, play video games, and shop in public. Tr. 24 (citing 168–72). Based on this evidence, the ALJ could reasonably discount the mother's lay witness testimony. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Further, while Plaintiff's mother offered an opinion about specific limitations, her opinion generally mirrored Plaintiff's own allegations. *Compare* tr. 168 (discussing son's inability to concentrate due to anxiety), *with* tr. 176 ("Lessened concentration makes handling information or instructions difficult."). Even if the ALJ had not provided germane reasons for rejecting the mother's testimony, the Court would have still considered that harmless error. *Molina*, 674 F.3d at 1122.

The Court therefore finds that the ALJ did not err in rejecting the mother's testimony.

## CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 1st day of September, 2020.

                                                    _s/Michael J. McShane_____
                                                    Michael J. McShane
                                                    United States District Judge